UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERT QUARRY JACKSON,

Civil No. 12-1545 (JRT/JSM)

Petitioner,

v.

**REPORT AND RECOMMENDATION**

STATE OF MINNESOTA,

Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.  The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

I. **BACKGROUND**

In 1999, a Minnesota state court jury found Petitioner guilty of one count of second-degree assault and two counts of second-degree intentional murder.  He was sentenced to a total of 692 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Stillwater, Minnesota.

---

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

After Petitioner was convicted and sentenced, he filed a direct appeal claiming that the trial court erred by (1) denying his request to sever the assault charge from the murder charges, and (2) denying his request for a post-verdict hearing regarding potential juror misconduct.  The Minnesota Court of Appeals rejected Petitioner's claims and affirmed his conviction and sentence, and the Minnesota Supreme Court denied his subsequent application for further review.  State v. Jackson, 615 N.W.2d 391 (Minn.App. 2000), rev. denied, Oct. 17, 2000, [hereafter "Jackson I"].[2]

In September 2001, Petitioner filed his first state post-conviction motion in the trial court, (referred to herein as "Jackson PC-I").  That motion raised several challenges to Petitioner's conviction and sentence, most of which involved allegations of ineffective assistance of counsel at trial and on appeal.  The trial court denied Petitioner's post-conviction motion in November 2001, and that ruling was not appealed.[3]

Petitioner filed his second state post-conviction motion on or about August 3, 2007.  In that motion, Petitioner asserted new claims of ineffective assistance of counsel, and he also asked for a new trial based on alleged new and exculpatory evidence.  The trial court denied Petitioner's second post-conviction motion, and Petitioner appealed that ruling.  The

_____

[2] In November 2000, Petitioner filed a petition in this District, seeking federal habeas corpus review of his 1999 murder and assault convictions.  Jackson-El v. State of Minnesota, No. 00-2613 (JRT/RLE).  However, Petitioner voluntarily withdrew that petition before it was decided, and the action was dismissed without prejudice.  Because Petitioner's first federal habeas corpus petition was dismissed without prejudice, and without reaching the merits of any of his claims, the Court does not consider the current petition to be a "second or successive petition" for purposes of 28 U.S.C. § 2244(b).

[3] Petitioner's first post-conviction proceedings (Jackson PC-I) are reported in a 2008 decision by the Minnesota Court of Appeals.  See Jackson v. State, No. A07-2272 (Minn.App. 2008), 2008 WL 5136952 at *1 (unpublished opinion).

Minnesota Court of Appeals rejected all of Petitioner's new post-conviction claims, and again upheld his conviction and sentence.   Jackson v. State, No. A07-2272 (Minn.App. 2008), 2008 WL 5136952 (unpublished opinion), [hereafter "Jackson PC-II"].  Petitioner did not seek further review of that decision in the Minnesota Supreme Court.

Sometime later, Petitioner filed a third post-conviction motion in the trial court.[4]  In that motion, Petitioner contended that the trial court erroneously imposed a sentence that exceeded the term prescribed by the Minnesota state sentencing guidelines, (i.e., an "upward durational departure"), based on improper factors and inadequate reasons.  The trial court denied the third post-conviction motion, and Petitioner filed another appeal.  On February 25, 2011, the Minnesota Court of Appeals entered an unpublished "Order Opinion" that upheld the trial court's denial of Petitioner's third post-conviction motion, (hereafter "Jackson PC-III").  Petitioner applied for further review in the Minnesota Supreme Court, but that application was denied on June 28, 2011.[5]

Petitioner's current federal habeas corpus petition is dated June 24, 2012, and it was filed on June 27, 2012.  This petition presents a single (two-part) ground for relief, which, repeated verbatim and in its entirety, is as follows:

---

[4]  Based on Minnesota state trial court records that are accessible via the internet, it appears that Petitioner's third post-conviction motion was filed in April or May of 2010. The filing date of third post-conviction motion has no bearing on the resolution of the current petition.

[5]  The Minnesota Court of Appeals' "Opinion Order," and the Minnesota Supreme Court's order denying Petitioner's request for further review, are available on a website maintained by the Minnesota Judicial Branch, (www.mncourts.gov/publicaccess). Petitioner has acknowledged the existence of these rulings in his petition. (See Petition, [Docket No. 1], p. 7, § 12, "Ground One," sub. (d).)

> "(1) I'm asserting that the sentence that was laid-down/handed-out to me was unauthorized by law.  (2) I also assert that this particular sentence that was given to me constitutes an 'aggravated upward durational departure' from the Minnesota Sentencing Guidelines (and) based on sentencing factors that were improper and inadequate departure reasons, therefore entitles me to a 'correction of sentence to the presumptive sentence in this particular case."

(Petition, p. 6, § 12 "Ground One," sub. (a))

It is readily apparent that the claims Petitioner is attempting to bring in his current federal habeas corpus petition are the same claims that he raised in his third state post-conviction motion, (Jackson PC-III).  Petitioner presently contends, (as he did in his third post-conviction motion), that the trial court erred during the course of his original sentencing, by using improper factors and invalid reasons to impose a sentence that exceeded state guidelines.

The Court finds, however, that Petitioner's current habeas corpus petition was not filed within the one-year statute of limitations period prescribed by federal law.  Therefore, the merits of Petitioner's claim for relief will not be addressed, and the Court will recommend that this action be summarily dismissed due to untimeliness.

## II.    DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which was enacted in 1996, effected several significant changes in the federal habeas corpus statutes.  One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence.  This statute provides that:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> > (A) the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for
seeking such review;
(B) the date on which the impediment to filing an
application created by State action in violation of the
Constitution or laws of the United States is removed, if the
applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted
was initially recognized by the Supreme Court, if the right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim
or claims presented could have been discovered through the
exercise of due diligence.

**(d)(2)** The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment or
claim is pending shall not be counted toward any period of limitation under
this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B),

(C) or (D) of § 2244(d)(1) could be applicable.  In other words, there is no indication that

the State created any unconstitutional impediment that prevented Petitioner from seeking

federal habeas relief within the prescribed one-year limitation period; nor is there any

indication that Petitioner's current claims are based on any newly-recognized and

retroactively applicable constitutional right, or any new evidence that could not have been

discovered soon enough to file a timely petition.

Therefore, the Court finds that the one-year limitations period began to run in this

case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final

by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on

direct appeal on October 17, 2000, when Petitioner's request for further review was denied

in Jackson I.  However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not

become "final" until the expiration of the deadline for filing a petition for a writ of certiorari in the United States Supreme Court.  Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999).  Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court.  Sup. Ct. R. 13.1.  Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became "final" on January 15, 2001 -- 90 days after the Minnesota Supreme Court upheld his conviction and sentence on direct appeal.  See Boston v. Weber, 525 F.3d 622, 624 (8th Cir. 2008) ("[w]hen the state court of last resort enters a judgment in a direct criminal appeal and the petitioner does not seek a writ of certiorari, the judgment is final at the conclusion of the ninety days allowed by the Supreme Court for the filing of such a writ").  The one-year statute of limitations for seeking federal habeas corpus relief began to run on that date – January 15, 2001.  However, Petitioner did not file his current petition until June 2012, which was more than eleven years after the statute of limitations began to run.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding.  The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts.  Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

Here, the statute of limitations was tolled pursuant to § 2244(d)(2) while Petitioner was pursuing his first post-conviction motion in Jackson PC-I.  The statute of limitations continued to be tolled during the time when Petitioner could have appealed the trial court's

ruling on his first post-conviction motion.  See Boston, 525 F.3d at 625 ("an application for state post-conviction relief 'is 'pending' (and thus the limitations period is tolled) during the appeal period, even if the petitioner does not appeal [the denial of his application to a higher state court]'") (quoting Williams v. Bruton, 299 F.3d 981, 983 (8th Cir. 2002)).

Petitioner's first post-conviction motion was filed in September 2001, it was denied on November 13, 2001.  Jackson PC-II, 2008 WL 5136952 at * 1.  The deadline for taking an appeal expired 60 days later on January 12, 2002.  Minn.Stat. § 590.06.  Therefore, Petitioner's first post-conviction motion was pending, and the federal statute of limitations was tolled, only from September 2001 through January 12, 2002 – a total of less than five months.  As of January 13, 2002, the federal habeas statute of limitations began to run again, and it continued to run, without interruption, until Petitioner filed his second state post-conviction motion in August 2007.  By that time, (August 2007), the one-year federal habeas statute of limitations had long since expired.  Therefore, Petitioner's second and third post-conviction proceedings, (Jackson PC-II and Jackson PC-III), had no tolling effect on the federal habeas statute of limitations.  Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired").  See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

In sum, the Court finds that the federal statute of limitations began to run in this case on January 15, 2001, when Petitioner's conviction and sentence became final on direct review.  Thereafter, the statute of limitations ran for more than seven months, until the statute was tolled by the filing of Petitioner's first post-conviction motion in September 2001. The tolling period ended on January 12, 2002 – the deadline for filing an appeal in the first post-conviction proceeding.  Because the statute of limitations had been running for more than seven months before it was tolled by the first post-conviction motion, Petitioner had less than five months left on the one-year limitations period when the statute began to run again on January 13, 2002.  This means that  the federal statute of limitations finally expired in this case less than five months after January 13, 2002 -- i.e., sometime before June 13, 2002.  Petitioner did not file his current petition until more than ten years thereafter, so this action is clearly time-barred.

Petitioner apparently believes that his various state post-conviction motions did not merely toll the running of the statute of limitations, but somehow 'reset the clock,' giving him a fresh new one-year limitations period each time his most recent state post-conviction proceeding was fully completed.  Thus, he seems to think that the one-year statute of limitations began to run, (or began to run anew), only when his third post-conviction was fully completed in June 2011.  That, however, is simply not the case.  "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).  Once the federal habeas corpus statute of limitations expired in this case, which was sometime before June 13, 2002, it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motions.

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred.  See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003).  See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added).  See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way").  "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Jihad, 267 F.3d at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001).  Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.  Id.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III.   CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The statute of limitations deadline for seeking federal habeas corpus relief had expired in this case by June 2002, but Petitioner did not file his current habeas petition until June 2012 – ten years after the statute of limitations deadline. Petitioner's initial state post-conviction motion tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), but that tolling period ended in January 2002. The federal habeas statute of limitations expired by June 13, 2002, (at the latest), which was long before Petitioner filed his second and third state post-conviction motions. Therefore, Petitioner's last two post-conviction motions, (Jackson PC-II and Jackson PC-III) had no tolling effect on the one-year statute of limitations that applies to federal habeas petitions. In addition, Petitioner has shown no viable grounds for equitable tolling in this case. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be summarily dismissed with prejudice.[6]

---

[6]   Even if this case were not time-barred, it still would have to be summarily dismissed, because Petitioner's single claim for relief is not based on the federal Constitution. Instead, Petitioner contends that the state courts misapplied the state's sentencing laws. The United States Supreme Court has repeatedly held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67 (1991). "In conducting habeas review, a

## IV.    CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here.  Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Petitioner should not be granted a COA in this matter.

## V.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. This action be **DISMISSED WITH PREJUDICE**; and

---

federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States."  Id.  See also Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").  Because Petitioner's current habeas corpus petition does not present any claim based on the federal Constitution, this case would be summarily dismissed even if it were timely.

   3.  Petitioner should **NOT** be granted a Certificate of Appealability.


Dated:       July 2, 2012


                              *s/ Janie S. Mayeron*
                              JANIE S. MAYERON
                              United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 16, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within 14 days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.